A CERTIFIED TRUE COPY

ATTEST

By Bonita Bagley on Apr 07, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**Apr 07, 2008**

FILED
CLERK'S OFFICE

**IN RE: VIRGIN MOBILE INITIAL PUBLIC**
**OFFERING (IPO) SECURITIES LITIGATION**

MDL No. 1931

**TRANSFER ORDER**

**Before the entire Panel**[*]: Certain defendants[1] have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of New York.  Lead plaintiffs in the District of New Jersey action oppose the motion or, alternatively, support centralization in the District of New Jersey.

This litigation currently consists of four actions listed on Schedule A and pending two districts, three actions in the Southern District of New York and one action in the District of New Jersey.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  Each action alleges that Virgin Mobile distributed a materially false and misleading registration statement and prospectus in connection with Virgin Mobile's initial public offering.  Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs opposing the motion argue, *inter alia*, that (1) there are only a few actions involved; (2) defendants have not met their burden to show that common questions of fact are so complex and discovery so time-consuming as to overcome the burden to certain parties; (3) alternative means of coordination could be available; and (4) transfer under 28 U.S.C. § 1404 is a superior alternative.  Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments.  These actions present overlapping putative classes with overlapping discovery.  Centralizing these actions under Section 1407 will ensure streamlined

---

[*]    Judges Miller and Scirica did not participate in the disposition of this matter.

[1]    Virgin Mobile USA, Inc. (Virgin Mobile); Daniel H. Schulman; Jonathan Marchbank; John D. Feehan, Jr.; Frances Brandon-Farrow; Douglas B. Lynn; Mark Poole; Robert Samuelson; L. Kevin Cox; Thomas O. Ryder; Kenneth T. Stevens; Sprint Nextel Corp.; and Corvina Holdings, Ltd. Moving defendants state that they have consulted with counsel for the remaining defendants and have been advised that they concur with the motion, as well.

-2-

resolution of this litigation to the overall benefit of the parties and the judiciary.

We are persuaded that the District of New Jersey is an appropriate transferee forum for this litigation. An action is already pending in that district before Judge Susan D. Wigenton, who has the time to devote to this litigation. Moreover, Virgin Mobile is headquartered in New Jersey and provides a likely discovery source.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Susan D. Wigenton for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen          J. Frederick Motz
Robert L. Miller, Jr.*     Kathryn H. Vratil
David R. Hansen           Anthony J. Scirica*

**IN RE: VIRGIN MOBILE INITIAL PUBLIC**
**OFFERING (IPO) SECURITIES LITIGATION**            MDL No. 1931

## SCHEDULE A

District of New Jersey

Michael Volpe v. Daniel H. Schulman, et al., C.A. No. 2:07-5619

Southern District of New York

Ellen Brodsky v. Virgin Mobile USA, Inc., et al., C.A. No. 1:07-10589
Roger Joseph, Jr. v. Virgin Mobile USA, Inc., et al., C.A. No. 1:07-11060
2 West, Inc. v. Virgin Mobile USA, Inc., et al., C.A. No. 1:07-11625